UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Criminal No. 19-10078-RWZ |
| | ) |
| WILLIAM "RICK" SINGER, | ) |
|     Defendant. | ) |

## UNITED STATES' REVISED MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On March 5, 2019, the United States Attorney for the District of Massachusetts filed a four-count Information, charging defendant William "Rick" Singer (the "Defendant"), with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count Three); and Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Four).

2. The Information also included a Racketeering Forfeiture Allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in

the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962. Such property specifically included, without limitation:

    a. All funds on deposit in Bank of America checking account in the name of the Key Worldwide Foundation ending in x0486;

    b. All funds on deposit in Wells Fargo checking account in the name of the Key Worldwide Foundation ending in x2391;

    c. All assets owned or controlled by the Key Worldwide Foundation, including, but not limited to:

        i. KWF's investment in Jamtown;
        ii. KWF's investment in Bluestone Partnership[1];
        iii. KWF's investment in Hauser Private Equity;
        iv. KWF's investment in WhamTech, Inc.;
        v. KWF's investment in Sharky's Restaurant Chain - 10% control purchase and related investment;
        vi. KWF's investment in Swansea Football Club;
        vii. KWF's investment in Virtual PhD[2]; and

    d. $3,429,970.87, to be entered in the form of a forfeiture money judgment[3]

(assets (a)-(c), collectively, the "Properties").

    3. The Information also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Information, of any property, real or personal, involved in such offense, and any property traceable to such property. Such property specifically included, without limitation: the Properties.

---

[1] This asset is also referred to as Bluesky Partnership.
[2] This asset is also known as The Versatile Phd.
[3] The government will separately file a Motion for an Order of Forfeiture (Money Judgment).

4. The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraphs Two and Three above, pursuant to 18 U.S.C. § 1963(m) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p).

5. On March 12, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that he signed on February 28, 2019. *See* Docket No. 2. In Section 9 of the plea agreement, the Defendant acknowledged that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture, which may be satisfied at any time prior to sentencing, may include assets directly traceable to Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses. *Id.* at 7. At the March 12, 2019 Rule 11 hearing, the Court accepted Defendant's guilty plea. *See* Docket No. 24.

6. In Section 9 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture. In Section 9 of the plea agreement, Defendant further agreed to consent to the entry of the order of forfeiture for such property and waived the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

3

7. The Defendant admitted that the Properties are subject to forfeiture on the grounds that they were involved in such offenses or traceable to such offenses; were acquired or maintained in violation of 18 U.S.C. § 1962; constitute, or are derived from proceeds obtained directly or indirectly, in such offenses; or were otherwise forfeitable under 18 U.S.C. § 1963. *Id.* at 7.

8. In light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 1963 and 982(a)(1).

9. Pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

10. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(b)(6)(C) of the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture, and notice of the United States' intent to dispose of the Properties on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

11. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought.

12. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Carol E. Head*
CAROL E. HEAD, B.B.O. # 652170
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: September 10, 2019   carol.head@usdoj.gov

**Certificate of Service**

I hereby certify that the foregoing Revised Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Carol E. Head*
CAROL E. HEAD
Dated: September 10, 2019   Assistant U.S. Attorney