UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>v.<br><br>WILLIAM "RICK" SINGER,<br>           Defendant. | Criminal No. 1:19- 10078-RWZ |

## PRELIMINARY ORDER OF FORFEITURE

ZOBEL, D.J.

WHEREAS, on March 5, 2019, the United States Attorney for the District of Massachusetts filed a four-count Information, charging defendant William "Rick" Singer (the "Defendant"), with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count Three); and Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Four);

WHEREAS, the Information also included a Racketeering Forfeiture Allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962. Such property specifically included, without limitation:

  a. All funds on deposit in Bank of America checking account in the name of the Key Worldwide Foundation ending in x0486;

  b. All funds on deposit in Wells Fargo checking account in the name of the Key Worldwide Foundation ending in x2391;

  c. All assets owned or controlled by the Key Worldwide Foundation, including, but not limited to:

   i. KWF's investment in Jamtown;
   ii. KWF's investment in Bluestone Partnership[1];
   iii. KWF's investment in Hauser Private Equity;
   iv. KWF's investment in WhamTech, Inc.;
   v. KWF's investment in Sharky's Restaurant Chain - 10% control purchase and related investment;
   vi. KWF's investment in Swansea Football Club; and,
   vii. KWF's investment in Virtual PhD[2]; and

  d. $3,429,970.87, to be entered in the form of a forfeiture money judgment[3];

(assets (a)-(c), collectively, the "Properties");

WHEREAS, the Information also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Information, of any property, real or personal, involved in such offense, and any property traceable to such property. Such property specifically included, without limitation: the Properties;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

---

[1] This asset is also referred to as Bluesky Partnership.
[2] This asset is also known as The Versatile Phd.
[3] The government will separately file a Motion for an Order of Forfeiture (Money Judgment).

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph Two and Three above, pursuant to 18 U.S.C. § 1963(m) and 18 U.S.C. § 982(b), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 12, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that he signed on February 28, 2019, and the Court accepted the Defendant's plea;

WHEREAS, in Section 9 of the plea agreement, the Defendant acknowledged that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture, which may be satisfied at any time prior to sentencing, may include assets directly traceable to Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses;

WHEREAS, in Section 9 of the plea agreement, the Defendant consented to the entry of orders of forfeiture for the Properties;

WHEREAS, in Section 9 of the plea agreement, the Defendant further admitted that the Properties are subject to forfeiture, on the grounds that they were involved in such offenses or traceable to such offenses; were acquired or maintained in violation of 18 U.S.C. § 1962; constitute, or are derived from proceeds obtained directly or indirectly, in such offenses; or were otherwise forfeitable under 18 U.S.C. § 1963;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 1963 and 982(a)(1); and

WHEREAS, pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. The Court finds, based upon the Defendant's plea, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has been found guilty.

3. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

4. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 1963 and 982(a)(1).

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 1963 and 982(a)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

7. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 1963 and 982(a)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

8. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 1963 and 982(a)(1), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 1963 and 982(a)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

10. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

11. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is final as to the Defendant, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: September 12, 2019

_____
RYA W. ZOBEL
Senior United States District Judge