

U.S. Department of Justice

*Rachael S. Rollins*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 28, 2022

Hon. Indira Talwani
Hon. Rya W. Zobel
United States District Court
1 Courthouse Way
Boston, MA 02210

      Re:    United States v. Singer, Criminal No. 19-10078-RWZ
                United States v. Vavic, Criminal No. 19-10081-IT

Your Honors:

      I write in response to the letter of Attorney Michael Kendall, dated February 27, 2022, in the above-captioned matters. In the letter, Mr. Kendall alleges various improprieties in connection with financial disclosures of William "Rick" Singer.

      As an initial matter, Mr. Kendall does not represent a party in either of the above-captioned cases. He has not filed the attached letter in *United States v. Abdelaziz and Wilson*, Criminal No. 19-10080-NMG, the related case before Judge Gorton in which he is counsel to defendant John Wilson. Mr. Kendall did not confer with the government before filing the letter, nor has he ever attempted to confer with the government about any of the specific allegations therein.

      In the letter, Mr. Kendall contends that he has "received information about six overseas bank accounts" that he contends were at one time "likely" associated with Mr. Singer and/or his brother. The letter does not disclose the nature of this information, when Mr. Kendall purports to have received it, or from whom, nor has Mr. Kendall made any such disclosures to the government. The letter is devoid of any support for its contentions, which are vague and speculative. For example, Mr. Kendall contends that "[i]t is likely" that Mr. Singer and his brother were "associated" with an account at Banistmo Bank in Panama City, that they were "most likely associated" with an account at an unspecified "Middle East bank," and that Mr. Singer was "likely associated" with an account at an unspecified "bank in Spain" that "probably had over $40,000" in it when it was closed "in mid-2020." The letter does not contend that any of these purported accounts remain open, or that they were ever in Mr. Singer's or his brother's name, nor does it explain how Mr. Singer or his brother were purportedly "associated" with them.

The government has no information suggesting that any of the information in Mr. Kendall's letter concerning Mr. Singer's finances is accurate. Over the course of these proceedings, the government has gathered and produced extensive documentation of Mr. Singer's assets to the defense, including interview reports, financial records from banks and other third parties, and materials provided by Mr. Singer himself, including both draft and final financial disclosures that Mr. Singer executed. In addition, the government has thus far obtained – through forfeiture or voluntary payments toward an anticipated forfeiture judgment – more than $6.5 million from Mr. Singer and entities associated with him. These recoveries do not include additional non-cash assets that the government has seized.

Moreover, when counsel for Mr. Abdelaziz inquired about Mr. Singer's finances in August 2021, the government specifically asked Mr. Singer whether he had concealed, transferred or liquidated any assets that he owned, controlled, or held in his name or another's name, since he became a government cooperator in September of 2018. He denied doing so. He also denied having any interest in any other property that had not been disclosed to the government. The government promptly produced an FBI-302 report of that interview to the defense.

At trial, an FBI agent, an IRS agent, and a financial investigator employed by the U.S. Attorney's Office testified for the government. Mr. Kendall cross-examined those witnesses about several of the topics referenced in his letter, including the handling of confidential informants generally and of Mr. Singer specifically, the allegation that Mr. Singer had laundered money for his brother, the flow of funds from Mr. Singer's U.S. bank accounts, Mr. Singer's foreign investments, and Mr. Singer's travel to the Bahamas. Mr. Kendall also subpoenaed Mr. Singer but chose not to call him as a witness at trial.

Finally, there have been no undisclosed promises, rewards or inducements to Mr. Singer in this case. The government is aware of its discovery obligations, and will continue to comply with them.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By:   */s William F. Abely*
William F. Abely
Chief
Criminal Division