UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| )  | |
| v.         ) | Criminal No. 19-CR-10078-RWZ |
| )  | |
| WILLIAM "RICK" SINGER,    ) | |
| Defendant.       ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. §§ 1963, 982(a)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. The defendant, William "Rick" Singer (the "Defendant"), consented to entry of this order in his written plea agreement. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.  On March 5, 2019, the United States Attorney for the District of Massachusetts filed a four-count Information, charging the Defendant, with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count Three); and Obstruction of Justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Four).

2.  The Information included a racketeering forfeiture allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source

of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962. Such property specifically included, among others, without limitation: $3,429,970.87, to be entered in the form of a forfeiture money judgment.

3. The Information also included a money laundering forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Information of any property, real or personal, involved in such offense, and any property traceable to such property. Such property specifically included, among others, without limitation: $3,429,970.87, to be entered in the form of a forfeiture money judgment.[1]

4. The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 1963(m), and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

---

[1] The Information and plea agreement identified a number of specific assets for forfeiture. The Court entered a Final Order of Forfeiture for these assets on February 5, 2020.  See Docket No. 49.

5.     On March 12, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement that he signed on February 28, 2019.  *See* Docket Nos. 2, 19. In Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $3,429,970.87 on the grounds that such amount represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in the crimes to which the Defendant has plead guilty.  *Id.* at 7.  At the March 12, 2019, Rule 11 hearing, the Court accepted Defendant's guilty plea.  *See* Docket No. 24.

6.     Based on the Defendant's admissions in the written plea agreement and his guilty plea on March 12, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,429,970.87, pursuant to 18 U.S.C. §§ 1963 and 982(a)(1).[2]

7.     The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.")

---

[2] As of the date of this motion, the Defendant has turned over $1,213,000 to the United States in voluntary payments towards the anticipated forfeiture money judgment, which will be credited towards the forfeiture money judgment, once the attached order is entered.

(citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

8. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

9. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 18 U.S.C. § 1963(k); 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(b); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in this case for purposes of enforcing the forfeiture;

(c) include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ *Carol E. Head*
CAROL E. HEAD
STEPHEN E. FRANK
LESLIE WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Date: December 20, 2022