UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM RICK SINGER, <br><br> Defendant. | CASE NO. 19-cr-10078-1-RWZ |

**MOTION FOR LEAVE TO FILE
CERTAIN SENTENCING DOCUMENTS AND
SUPPORTING LETTERS UNDER SEAL**

Defendant, William Rick Singer, respectfully requests leave to file under seal the documents described below, which include a psychological evaluation, the credentials of the evaluator, and six character letters submitted in support of Mr. Singer. The psychological evaluation and some of the letters contain confidential, personal information pertaining to Mr. Singer's physical and mental health; other letters contain information from pastoral discussions, private information concerning the writers' minor children, and information the letter-writers wish to keep private. The government has advised that it assents to this motion.

The bases for sealing certain sentencing-related documents are as follows:

1. Under District of Massachusetts Local Rule 7.2(a) (Impounded and Confidential Materials), a party may file a "motion to impound" to request that

materials implicating privacy interests be filed under seal. In evaluating whether to seal documents, the Court weighs the public's presumptive right of access to judicial records with any "'[i]mportant countervailing interests [that] can, in given instances, overwhelm the usual presumption and defeat access.'" *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). Countervailing interests include privacy interests of third parties, which "weigh heavily in a court's balancing equation" and may be protected from public access because they constitute a "venerable common law exception to the presumption of access." *Kravetz*, 706 F.3d at 62 (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1051 (2d Cir. 1995)). "Courts should 'consider the degree to which the subject matter is traditionally considered private rather than public.'" *Id.* (quoting *In re Boston Herald,* 321 F.3d 174, 190 (1st Cir. 2003)). "'Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.'" *Id.* (citation omitted).

2.      Here, several of Mr. Singer's friends and family members have submitted letters of support to the Court that contain sensitive information implicating Mr. Singer's privacy interests (particularly his mental health), as well as the privacy interests of others: Two letters are from pastors who write about their exchanges with Mr. Singer; another letter discusses the writer's own difficult personal circumstances; and, three of the letters write about the personal lives of minor children. Therefore, Mr. Singer asks that the Court protect that sensitive

information from public disclosure. *See, e.g., Kravetz*, 706 F.3d at 62 (recognizing that "information [that] is highly personal and appears to have no direct bearing upon the public's assessment of the sentences imposed" may give rise to privacy interests that "overcome the presumption of public access.").

3. Mr. Singer also asks to file under seal a 12-page report prepared by a licensed psychologist that discusses intimate aspects of Mr. Singer's life and includes analyses and diagnoses regarding his mental health, along with documents identifying the psychologist. Medical information is "universally presumed to be private, not public." *Kravetz*, 706 F.3d at 63 (quoting *In re Boston Herald*, 321 F.3d at 190). Disclosure of this information would undermine Mr. Singer's interest in protecting the privacy of his health information.

4. In related cases, the Court has authorized other defendants to seal or partially seal both confidential medical information and letters of support that implicate personal privacy. *See, e.g., United States v. Sidoo et al.*, 1:19-CR-10080-NMG at ECF No. 854 (Michelle Janavs), No. 861 (Elizabeth Hernriquez), No. 1832 (William McGlashan, Jr.), No. 2449 (Elisabeth Kimmel), No. 2476 (Marci Palatella), No. 2513 (Gamal Abdelaziz), and No. 2576 (Greg and Amy Colburn).

Accordingly, pursuant to Local Rule 7.2, Mr. Singer asks that the Court grant leave to file the identified support letters and psychological evaluation under seal. Counsel will provide the government and Court with copies of the documents to be filed under seal.

Finally, pursuant to Local Rule 7.2(a), Mr. Singer asks that the order of impoundment (*aka* order sealing documents) remain in place pending further order

of the Court and as long as the privacy interests of those affected remain in force.

WHEREFORE, Mr. Singer respectfully requests that the Court grant this motion for leave to file the psychological evaluation and supporting letters under seal.

Respectfully submitted,

Date: December 23, 2022

/s/ *Candice L. Fields*
CANDICE L. FIELDS
Candice Fields Law, PC
*Admitted Pro Hac Vice*
cfields@candicefieldslaw.com
(916)414-8050
Attorney for Defendant William Rick Singer

Dated: December 23, 2022

/s/ *A. Neil Hartzell*
A. NEIL HARTZELL, BBO #544752
Freeman Mathis & Gary, LLP
neil.hartzell@fmglaw.com
(617) 963-5966
Neil.Hartzell@fmglaw.com
Attorney for Defendant William Rick Singer

## CERTIFICATE OF SERVICE

I, Candice L. Fields, hereby certify that on December 23, 2022, this document was filed through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Candice L. Fields*
Candice L. Fields

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

     Pursuant to Local Rule 7.1(a)(2), I hereby certify that, on December 22, 2022, I corresponded with the United States Attorney's Office for the District of Massachusetts (S. Frank and I. Stern) seeking its assent to the filing of this Motion. Counsel for the United States did not respond.

                                        */s/ Candice L. Fields*
                                        Candice L. Fields