WHITE & CASE

August 18, 2023

White & Case LLP
75 State Street
Boston, MA 02109-1814
T +1 617 979 9300

whitecase.com

Hon. Rya W. Zobel
United States District Court
1 Courthouse Way
Boston, MA 02109

Re: *United States v. William Singer*, No. 19-cr-10078-RWZ

Dear Judge Zobel:

We are counsel for John Wilson, a defendant in *United States v. Sidoo*, 19-cr-10080-LTS, in which defendant William Singer acted as a cooperating witness for the Government. In connection with Mr. Wilson's motion for the return of $1 million (the "Wilson Funds") that he was induced to transfer to Mr. Singer as part of an undercover sting operation, the Government has recently advised us that it purports to have forfeited the Wilson Funds via a Final Order of Forfeiture entered by Your Honor in the Singer case on February 5, 2020 (DE 49).

As set forth in Mr. Wilson's Reply Brief In Support of the Motion, attached as Exhibit A, that forfeiture was invalid, obtained by false representations to the Court and without the required notice to Mr. Wilson. In brief, the Preliminary Order of Forfeiture and Final Order of Forfeiture (the "Forfeiture Orders") in the Singer case were based on the criminal conspiracies to which Mr. Singer pled guilty, which ended when he began to cooperate with law enforcement in September, 2018. Mr. Wilson was induced to transfer the Wilson Funds to Mr. Singer only after Mr. Singer had begun working with law enforcement in October and November, 2018. Despite the Government and Mr. Singer's false representations to the contrary, the Wilson Funds were not involved in or traceable to Mr. Singer's criminal conduct, which had already terminated. The Government then compounded the illegality of the forfeiture by failing to give Mr. Wilson notice, in violation of Federal Rule of Criminal Procedure 32.2, the requirements of this Court's own Preliminary Order of Forfeiture, and Mr. Wilson's well-established due process rights. Accordingly, the Final Order of Forfeiture is void as to Mr. Wilson and the Wilson Funds.

We believe that the appropriate forum to resolve this issue is the pending motion before Judge Sorokin in Mr. Wilson's own criminal case. But in light of various arguments made by the Government regarding the inappropriateness of that forum and the supposed untimeliness of Mr. Wilson's challenge to the Forfeiture Orders, we also ask that the Court accept for filing the Third Party Petition from Mr. Wilson, attached as Exhibit B, claiming his rightful interest in the Wilson Funds. We make this request out of an abundance of caution to avoid any suggestion that Mr. Wilson has not timely pursued his statutory rights since finally being notified of the

AMERICAS 124863663 v1
1860038-0003

forfeiture.[1] Mr. Wilson will also, obviously, defer to the collective judgment of the Court, including in this case and the Sidoo case (Sorokin, J.) regarding which forum the matter should proceed in and which judge should adjudicate it.

Sincerely,

*/s/ Michael Kendall*

**Michael Kendall**
Partner

T +617-979-9300
E michael.kendall@whitecase.com

Attachments

---

[1] In light of the Government's failure to provide Mr. Wilson with notice and an opportunity to be heard before obtaining the Final Order of Forfeiture, the facial invalidity of the order with respect to the Wilson Funds, and the Government's false representations to the Court in obtaining it, the delayed filing of the Third Party Petition is permissible under Federal Rule of Civil Procedure 60(b)(1) (excusable neglect), Rule 60(b)(4) (the judgment is void), and/or Rule 60(b)(6) (relief is otherwise justified).