UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM RICK SINGER,<br><br>Defendant,<br><br>*and*<br><br>DONALD HERBERT HELLER<br>RECEIVERSHIP ESTATE, c/o SCOTT<br>SACKETT, RECEIVER<br><br>Garnishee. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:19-CR-10078-001-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR WRIT OF GARNISHMENT

Pursuant to 28 U.S.C. § 3205(b)(1)[1], the Federal Debt Collection Procedures Act, the United States of America (hereinafter "United States") petitions the Clerk of the United States District Court to issue a Writ of Garnishment upon all funds which Scott M. Sackett, as reciever of the Donald Herbert Heller Receivership Estate (hereinafter "Receiver"), located in Sacramento,

---

[1] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment containing information specified therein. If the Court determines the statutory requirements are met, the Court shall issue the writ of garnishment. 28 U.S.C. § 3205(c)(1). After issuance of the writ, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so. 28 U.S.C. § 3205(c)(3). Included with the service of the writ on the garnishee are instructions explaining the requirement that the garnishee withhold property in accordance with the writ and submit a written answer to the writ within 10 days of receipt. 28 U.S.C. §§ 3205(c)(2)(E), 3205(c)(3)(A), 3205(c)(6). Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and requesting a hearing within 20 days after receipt. 28 U.S.C. §§ 3205(c)(3)(B), 3205(c)(5). If no objection is filed and hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. *See* 28 U.S.C. § 3205(c)(7). If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon as practicable. *Id.*

California, is believed to be in possession or control of on behalf of the Defendant, William Rick Singer, (hereinafter "Singer") whose last known address is in Pensacola, FL, to satisfy a restitution judgment entered against Singer on January 19, 2023. In support, the United States sets forth the following:

1. On January 4, 2023, a Judgment entered in the United States District Court for the District of Massachusetts against Singer, social security number ***-**-2934, last known address in Pensacola, FL. On January 19, 2023, the Court entered an Amended Judgment.

2. Singer is indebted for the judgment amount of $10,669,241.00 in restitution. The current total balance is $10,668,716.00.

3. Pursuant to 28 U.S.C. § 3205(b)(1)(B), the United States made demand for payment of the aforementioned debt upon not less than 30 days prior to the date of this Application, and Singer has failed to satisfy the debt.

4. The United States Attorney General is responsible for enforcing restitution orders. *See* 18 U.S.C. §§ 3664(m)(1)(A)(1), 3612(c)(2). Pursuant to 18 U.S.C. §§ 3613(f) and 3664(m)(1)(A), all provisions available for the enforcement of fines are also available for the enforcement of restitution.

5. The United States is aware that, at the time of his death, former counsel for Singer, Donald Herbert Heller, held funds in his client trust account that belonged to Singer. On May 24, 2023, the State of California and its designees were appointed by the Superior Court of the State of California for the County of Sacramento to assist the court in the assumption of jurisdiction over the law practice of Donald Herbert Heller. *See In the Matter of the Assumption of Jurisdiction over the Law Practice of Donald Herbert Heller, State Bar No. 55717*, Case No. 23CV1332 (Cal. Super. Ct, Sacramento Cty.). On September 13, 2023, the California court appointed Scott Sackett to serve as receiver. Thereafter, the Receiver prepared a report proposing the distribution of funds

in Donald Herbert Heller's client trust account, specifically, that $139,312.85 in Donald Herbert Heller's client trust account was due to Singer, which was submitted to the court for approval. *See* Exhibit A. On August 1, 2024, the court approved the report of the Receiver regarding the distribution of funds. *See* Exhibit B.

6. Accordingly, the United States believes the Garnishee, the Receiver, is in possession or control of funds belonging to Singer, and that Singer has a substantial nonexempt interest in such funds and/or property. This Writ is intended to compel the Garnishee to pay to the Clerk of the United States District Court all funds held on behalf of Singer to be applied towards the outstanding judgment debt.

WHEREFORE, the United States respectfully requests the Clerk of the United States District Court issue a Writ of Garnishment.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its attorneys

        JOSHUA S. LEVY
        Acting United States Attorney

By:   /s/ Carol E. Head
        CAROL E. HEAD
        Assistant United States Attorney
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
        Carol.Head@usdoj.gov

Date: August 21, 2024

IT IS, on this 25th day of September 20 24.

ALLOWED, that the Clerk of the Court shall issue the Writ of Garnishment.

*Denise J. Casper*
UNITED STATES DISTRICT COURT